Opinion issued June 19, 2008










In The

Court of Appeals

For The

First District of Texas






NO. 01-06-01123-CV






AARON LEE WOOFTER, M.D.; DANNY CHU, M.D.; JONATHAN
CHARLES DANIEL, M.D.; AND FRED MILTON SUTTON, JR., M.D.,
Appellants


V.


MOLLY BENITEZ, INDIVIDUALLY AND AS REPRESENTATIVE OF
THE ESTATE OF ANDREA JIMENEZ ISLAM, DECEASED, AND KAZI
M. ISLAM, Appellees






On Appeal from Probate Court No. 1

Harris County, Texas

Trial Court Cause No. 362,807-401







MEMORANDUM OPINION

 Appellants Aaron Lee Woofter, M.D., Danny Chu, M.D., Jonathan Charles
Daniel, M.D., and Fred Milton Sutton, Jr. M.D. bring this statutory interlocutory
appeal from the probate court's denial of their challenge to the expert report. See
Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(9) (Vernon Supp. 2007)
(authorizing interlocutory appeal if trial court denies relief sought under Tex. Civ.
Prac. & Rem. Code Ann. § 74.351(b) (Vernon Supp. 2007)); see also Lewis v.
Funderburk, 51 Tex. Sup. Ct. J. 747 (Apr. 11, 2008). The doctors asked the probate
court to dismiss the wrongful death and survival claims of appellees (1) Molly
Benitez, individually and as the representative of the estate of Andrea Jimenez Islam,
deceased, and (2) Kazi M. Islam. We reverse.

Background

 Benitez and Kazi Islam sued the doctors, claiming they negligently caused the
death of Andrea Islam, who was a cancer patient. While Andrea was being treated
for cancer with chemotherapy, she had difficulty eating. Woofter and Sutton inserted
a feeding tube into Andrea's stomach, and her esophagus was torn during the
insertion of the tube. Chu and Daniel performed surgery to repair the tear. A barium
swallow revealed a leak, and further surgery was performed to repair it. Andrea later
died of respiratory failure, which Benitez and Kazi claim was caused by pneumonia
that developed after barium leaked out of Andrea's esophagus into adjacent tissue.

 Benitez and Kazi timely served the doctors with an expert report and
curriculum vitae of their expert, Mark S. Sanders, M.D., as required by Civil Practice
and Remedies Code section 74.351(a). See Tex. Civ. Prac. & Rem. Code Ann. §
74.351(a) (Vernon Supp. 2007). The doctors objected to the sufficiency of the expert
report and filed a motion to dismiss pursuant to Civil Practice and Remedies Code
section 74.351(b), (l). See Tex. Civ. Prac. & Rem. Code Ann. § 74.351(b), (l)
(Vernon Supp. 2007). After Benitez and Kazi filed a response and a request for a
30-day extension to cure any deficiency, the probate court denied the doctors' motion
to dismiss.

Discussion


 The doctors bring three issues, all challenging the inadequacy of Sanders's
expert report. Benitez and Kazi do not defend the adequacy of Sanders's expert
report in this Court, but instead they initially argued that this Court had no
subject-matter jurisdiction to hear this interlocutory appeal. Benitez and Kazi now
concede the Texas Supreme Court resolved the jurisdictional issue in Lewis v.
Funderburk, and this Court has jurisdiction over the appeal. See Lewis, 51 Tex. Sup.
Ct. J. at 748-49.

 In issue 1, the doctors contend Sanders's expert report is inadequate because
the report does not provide a sufficient basis for the trial court to find that Sanders
was qualified to render an expert opinion on the appropriate standards of care. See
Tex. Civ. Prac. & Rem. Code Ann. § 71.351(r)(6) (Vernon Supp. 2007) (defining
"expert report"), § 74.401 (Vernon 2005) (specifying qualifications of expert
witness). Woofter and Sutton are gastroenterologists and Daniel and Cho are
cardiothoracic surgeons. In contrast, the report states that Sanders is board certified
in orthopaedic surgery and has practiced medicine for 25 years with a specialization
in orthopaedic surgery. The report does not state that Sanders has any substantial
training or experience necessary to offer an opinion about the procedures performed
by the doctors sued in this case, who are not orthopaedic surgeons.

 Civil Practice and Remedies Code section 74.401 provides in part that a person
may qualify as an expert in a suit involving a health care liability claim against a
physician if the person is a physician who is qualified on the basis of training or
experience to offer an expert opinion regarding those accepted standards of medical
care. See Tex. Civ. Prac. & Rem. Code Ann. § 74.401(a)(3) (Vernon 2005). 
Section 74.401 additionally provides that, in determining qualification based on
training or experience, the court shall consider whether the physician (1) was board
certified or had other substantial training or experience in an area of medical practice
relevant to the claim and (2) was actively practicing medicine in rendering medical
care services relevant to the claim. See Tex. Civ. Prac. & Rem. Code Ann. §
74.401(c) (Vernon 2005). Sanders's report is silent on both of the criteria mentioned
above, and does not otherwise demonstrate Sanders's qualifications, as required by
section 74.401(a), on the basis of training or experience to offer an expert opinion
regarding the accepted standards of medical care in gastroenterology and
cardiothoracic surgery. See Forrest v. Danielson, 77 S.W.3d 842, 847-48 (Tex.
App.--Tyler 2002, no pet.). Further, Benitez and Kazi do not argue on appeal that
Sanders was qualified. Because Benitez and Kazi have not met their burden to show
that Sanders is qualified as an expert, we hold that the trial court abused its discretion
in denying the challenge to the expert report. See Am. Transitional Care Ctrs., Inc.
v. Palacios, 46 S.W.3d 873, 875 (Tex. 2001) (adopting abuse-of-discretion test). 

 We sustain issue 1.

Conclusion

 Because we sustain issue 1, we need not reach issues 2 and 3. We reverse the
trial court's order denying the doctors' challenge to the expert report. The Clerk of
this Court is directed to issue the mandate immediately to allow further proceedings
in the trial court, including consideration of Benitez's and Kazi Islam's request for
a 30-day extension to cure the deficient expert report. See Tex. R. App. P. 18.6
(expediting issuance of mandate in accelerated appeals); Tex. Civ. Prac. & Rem.
Code Ann. § 74.351(c) (Vernon Supp. 2007) (allowing trial court to grant 30-day
extension); Leland v. Brandal, No. 06-1028, slip op. at 5-8 (Tex. June 13, 2008)
(discussing 30-day extension); Ogletree v. Matthews, 51 Tex. Sup. Ct. J. 165, 168
(Nov. 30, 2007) (discussing 30-day extension).





 Sam Nuchia 

 Justice


Panel consists of Justices Nuchia, Hanks, and Bland.